70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Porter Jacob COLE, Jr., a/k/a Porter Cole, a/k/a Billy Wade,
Defendant-Appellant.
 No. 94-5639.
 United States Court of Appeals, Fourth Circuit.
 Submitted: October 17, 1995
Decided: November 14, 1995
 
 Daniel S. Johnson, Winston-Salem, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Timika Shafeek, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before HALL, MICHAEL, and MOTZ, Circuit Judges.
 Affirmed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Porter Cole pled guilty to conspiring to manufacture and possession with intent distribute marijuana. Prior to entering his plea, Cole moved to suppress the evidence against him. The district court denied the motion. Cole entered a conditional guilty plea, preserving his right to appeal the denial of his suppression motion. We affirm the denial of the motion and Cole's conviction.
 
 I.
 
 2
 Deputy Sheriff Jerry Boles was conducting an investigation into a marijuana growth operation. As part of the investigation, law enforcement officers set up a surveillance at one of the residences where the officers suspected growing was taking place. The officers observed a white van parked outside the residence. Boles followed the van after it left the residence. While he was following the van, the van reached speeds of up to eighty miles per hour.
 
 
 3
 The next day the officers executed a search warrant at the residence where they saw the van. The officers discovered marijuana plants inside. The officers met at a staging area near the other suspected residence to execute a second search warrant. While they were waiting to execute the warrant, Boles noticed the white van drive by and slow down. The officers pulled the van over to identify the driver. Boles approached the driver's side of the car and instructed the driver, Cole, to step out of the van with his driver's license and registration. Another deputy approached the passenger side with his gun drawn.
 
 
 4
 When Cole stepped out, Boles patted him down for weapons. Cole told Boles that he did not have a registration because the tag on the van belonged to another vehicle. Boles asked Cole whether the van contained any bombs, guns, hand grenades, drugs, or other contra band. Cole said no. Boles then asked, "Do you mind if we look?" Cole replied, "No, go ahead." The officers searched the vehicle and discovered an electric bill that connected Cole to the residence where the marijuana was discovered. Boles advised Cole of his Miranda* rights. Cole refused to answer any more questions without an attorney present.
 
 II.
 
 5
 Cole first contends that the district court erred in denying his motion to suppress because the vehicle stop was unwarranted. He claims that, in any event, the officers' activities after the stop exceeded the scope of Terry v. Ohio, 392 U.S. 1 (1968).
 
 
 6
 In Terry, the Supreme Court held that an officer who has a reasonable belief that crime is afoot may stop an individual and conduct a limited pat down search for weapons. Additionally, police officers may stop a vehicle upon a reasonable and articulable suspicion that the occupants are involved in past or present criminal activity. United States v. Hensley, 469 U.S. 221, 226 (1985); United States v. Mobley, 699 F.2d 172, 173-76 (4th Cir.), cert. denied, 461 U.S. 909 (1983).
 
 
 7
 In this case, the officers had observed Cole's van in front of residence where they discovered a marijuana growth operation. Furthermore, Deputy Boles observed the van speeding the previous day, and officers saw the van a second time in front of another residence where they suspected a marijuana growth operation was located. This information provided the officers with the articulable suspicion to stop the vehicle. United States v. Taylor, 857 F.2d 210, 213 (4th Cir.1988). After they made an authorized, investigatory stop of the vehicle, the officers were authorized to conduct a limited frisk search of the occupants of the vehicle if there was reason to believe the occupants were armed and dangerous. See Pennsylvania v. Mimms, 434 U.S. 106, 111-12 (1977); Adams v. Williams, 407 U.S. 143, 146 (1972); United States v. Crittendon, 883 F.2d 326, 328 (4th Cir.1989).
 
 
 8
 There is no bright line separating a Terry stop from an arrest. United States v. Jones, 759 F.2d 633, 636 (8th Cir.), cert. denied, 474 U.S. 837 (1985). Whether an official detention is a Terry stop or an arrest depends upon whether the "methods of restraint used are reasonable to the circumstances," so as to maintain the status quo and protect the officers' safety. Crittendon, 883 F.2d at 329; Taylor, 857 F.2d at 213. Brief deprivations of liberty do not convert a Terry stop into an arrest, provided the methods of restraint used are reasonable under the circumstances. United States v. Perate, 719 F.2d 706, 708-09 (4th Cir.1983). Specifically, approaching a suspect's car with weapons drawn does not elevate the stop into an arrest. Id.
 
 
 9
 The officers who stopped Cole's van were acting on information that the vehicle had connections to a large marijuana growth operation. It was reasonable for the officers to believe that the occupants of the van may have been armed and dangerous. United States v. Moore, 817 F.2d 1105, 1107-08 (4th Cir.), cert. denied, 484 U.S. 965 (1987). Because of the potential danger involved in stopping the vehicle, approaching the vehicle with drawn weapons was reasonable. See Taylor, 857 F.2d at 214; Moore, 817 F.2d at 1108. Contrary to Cole's contention, the officers' actions in this situation did not exceed the scope of a Terry stop.
 
 III.
 
 10
 Cole also claims that the deputies should have given him Miranda warnings prior to asking him any questions. Miranda warnings, however, are only required when there is a custodial interrogation. See Beckwith v. United States, 425 U.S. 341, 345-46 (1976).
 
 
 11
 Whether a suspect is in custody depends upon the reasonable perception of a person in the suspect's position. Berkemer v. McCarty, 468 U.S. 420, 442 (1984). Cole claims that because he was approached by three to five officers and one of the officers had his gun drawn, Cole believed he was in custody. Cole never presented any evidence to show that he was aware of the drawn gun, or that he felt compelled to answer Boles' questions because of the presence of the other officers. Moreover, preliminary investigatory questions following a Terry stop do not normally present a custodial situation calling for Miranda warnings. Berkemer, 468 U.S. at 440. Hence, the district court did not err in refusing to suppress Cole's response to these questions on Miranda grounds.
 
 IV.
 
 12
 Finally, Cole claims that he did not voluntarily consent to the search of the van. Rather, he alleges that he merely acquiesced in the face of apparent lawful authority.
 
 
 13
 The district court's finding regarding the voluntariness of consent is a factual determination which must be affirmed on appeal unless clearly erroneous. United States v. Gordon, 895 F.2d 932, 938 (4th Cir.), cert. denied, 498 U.S. 846 (1990). Whether the consent was voluntary is determined by examining the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973). The government must prove voluntariness by a preponderance of the evidence. United States v. Matlock, 415 U.S. 164, 177 n. 14 (1974). But "the government need not demonstrate that the defendant knew of the right to refuse to consent for the search to be deemed a voluntary one." Gordon, 895 F.2d at 938.
 
 
 14
 Cole offered no evidence to support his contention that his consent was involuntary or that the officers somehow coerced him into consenting. There was no evidence that any of the officers told Cole that they would search the van regardless of whether he consented. Absent such evidence, the district court properly concluded that Cole voluntarily consented to the search. See United States v. Wilson, 895 F.2d 168, 171-73 (4th Cir.1990).
 
 
 15
 Accordingly, we affirm the district court's denial of Cole's motion to suppress and we uphold his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Miranda v. Arizona, 384 U.S. 436 (1966)